IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

KYLE GOLDSTEIN,

                Plaintiff,

   v.                                 Civ. Action No.
                                      3:19-CV-412 (DNH/DEP)

JACOB V. ALLARD, et al.

                Defendants.

APPEARANCES:                         OF COUNSEL:

FOR PLAINTIFF:

OFFICE OF EDWARD E. KOPKO       EDWARD E. KOPKO, ESQ.
308 N. Tioga Street
2nd Floor
Ithaca, New York 14850

OFFICE OF JOHN A. FITZGERALD     JOHN A. FITZGERALD, ESQ.
P.O. Box 426
Ithaca, New York 14851

FOR DEFENDANTS:

GOLDBERG, SEGALLA LAW FIRM       MOLLY M. RYAN, ESQ.
5786 Widewaters Parkway
Syracuse, New York 13214

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

ORDER

    The court was made aware that the defendants are jointly

represented in the case by the Goldberg, Segalla Law Firm (Molly M.

Ryan, Esq., of counsel). In addition to defense counsel's ethical obligation to inform each client of the potential adverse consequences of joint representation, this court has a continuing obligation to supervise the bar and assure litigants a fair trial. *See Dunton v. County of Suffolk, State of N.Y.*, 729 F.2d 903, 908-09 (2d Cir. 1984). Accordingly, it is my duty to ensure that each defendant in this action represented by the Goldberg, Segalla Law Firm (Molly M. Ryan, of counsel) fully appreciates the potential inherent conflict in joint representation of multiple defendants and understands the potential threat a conflict may pose to each defendant's interests. *Id.* at 909.

It is therefore hereby ORDERED as follows:

1. If it has not already been accomplished, the Goldberg, Segalla Law Firm (Molly M. Ryan, Esq., of counsel) shall within five (5) days of the date of this order send a letter to each client in this action a) outlining the circumstances under which an actual or potential conflict of interest may arise, and b) advising whether counsel plans to take a position adverse to that client's interests at trial. A listing of some of the ways in which such a conflict may manifest itself in an action such as this is attached to this order.

2. If, after being informed in writing of the potential or actual conflict, any defendant wishes to retain separate counsel, it should notify the Court within twenty (20) days of the date of this order of the identity of counsel that will represent the party.

3. In the event that the defendants wish to proceed while being represented by their current counsel, however, I will require additional assurance that they have made an informed decision to do so notwithstanding the potential for conflict. That assurance must be in the form of a sworn affidavit an authorized representation of that party a) acknowledging that he or she has been given written notice by counsel of the potential for conflict; b) acknowledging that he or she understands the potential conflict and its ramifications; and c) stating that he or she is authorized to, and knowingly and voluntarily has, chosen to proceed with joint representation. That affidavit, together with the letters sent in accordance with paragraph (1) hereof, shall be submitted to the court, directly to my chambers, within twenty (20) days of the date of this order for filing under seal.

4. If defendants choose to exercise the option outlined in paragraph (3) above, I will review defense counsel's letters of notification and the parties' affidavits *in camera* to determine if the parties have knowingly and voluntarily waived their right to outside counsel.

5. If I determine that the conflict is of a nature which can be waived and the defendants' waiver of the potential conflict is knowing and voluntary, I will allow the parties to proceed with joint representation.

6. If I determine that the defendants have not been adequately informed or have not knowingly and voluntarily waived their right to outside counsel, I will order further action as necessary to safeguard the integrity of these proceedings.

7. A party who consents to joint representation will not be deemed to have waived his or her right to retain independent counsel if an unforeseen conflict arises during the course of the litigation. The parties are hereby notified, however, that absent a change in circumstances, any waiver of the actual or potential conflict presented as a result of joint representation shall be final, for purposes of these proceedings, and they may not raise the issue prior to or at trial.

8. Copies of this order shall be served by the clerk to all counsel in this action electronically.

_____
David E. Peebles
U.S. Magistrate Judge

Dated: June 26, 2019
Syracuse, New York

ATTACHMENT

Listed below are some, but not all, of the circumstances in which a conflict of interest may arise when two or more defendants are jointly represented by a single attorney or law firm. The list is not exhaustive but serves only to illustrate examples of types of conflicts which may result from such joint representation. An attorney should also advise a defendant of other possible conflicts specific to the facts of the particular case.

1) It may be in the best interests of the government entity to assert as a defense that a defendant was not acting within the scope of his or her employment at the time of the events in issue. However, such a defense would operate to the detriment of an individual defendant and might place his or her defense in conflict with that of the government entity.

2) The attorney may receive information from one defendant which is helpful to one defendant but which undermines the defense of another defendant. Where both defendants are represented by the same attorney or law firm, the attorney-client privilege may prevent the attorney or law firm from using that information in the defense of the defendant for whom the information is favorable.

3) The plaintiff may offer to settle or dismiss claims against one defendant in return for cooperation with the plaintiff's case. If a defendant receives such an offer, a lawyer or law firm jointly representing defendants may not be able to provide unbiased advice on whether to accept or reject

such an offer because the acceptance of such an offer may undermine the case of other defendants whom the attorney or law firm represents.

4) During jury selection at trial, a particular potential juror may be perceived as favorable to one defendant but unfavorable to another. Where these defendant are jointly represented by one attorney or law firm, the attorney must choose the interests of one defendant over those of the other in determining whether to select or reject that potential juror.

5) In questioning a defendant during his own testimony, an attorney who jointly represents other defendant in the same case may be inclined to limit or eliminate certain questions where, although the answers would be helpful to the defense of one defendant, those answers may undermine the defense of another defendant.

6) In questioning non-party witnesses during testimony, an attorney who jointly represents two or more defendants in the same case may be inclined to limit or eliminate certain questions where, although the answers would be helpful to the defense of one defendant, those answers may undermine the defense of another defendant.

7) In determining which witnesses and which exhibits to present at trial, an attorney or law firm jointly representing two or more defendant in the same case may be inclined not to offer certain witnesses or exhibits

because, although that evidence may be helpful to the defense of one defendant, it undermines the defense of another defendant.

     8) If two or more defendants are found liable for punitive damages and a trial is held on that issue, a lawyer of law firm jointly representing two or more defendants in the same case may be inclined to argue to the fact finder that one defendant was less responsible or less culpable than another. However, while such an argument may benefit the defense of that defendant, it may undermine the defense of another defendant who, the argument would suggest, was more responsible or more culpable.